IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VASHUN LEWIS,** | : CIVIL ACTION NO. 1:24-CV-1481 |
| Petitioner | : (Judge Neary) |
| v. | : |
| **WARDEN OF FCI-SCHUYLKILL,** | : |
| Respondent | : |

## MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. Petitioner, Vashun Lewis, argues that the United States Bureau of Prisons ("BOP") has improperly denied him time credits under the First Step Act ("FSA"), that he is entitled to transfer to prerelease custody pursuant to the Second Chance Act ("SCA"), and that he is entitled to be placed in the BOP's Residential Drug Abuse Program ("RDAP"). The petition will be denied to the extent it seeks application of FSA credits and dismissed without prejudice in all other respects because his SCA claim is not yet ripe and his RDAP claim is moot.

**I.      Factual Background & Procedural History**

Lewis is serving a 90-month sentence of imprisonment imposed by the United States District Court for the District of Connecticut for possession of a firearm in furtherance of a drug trafficking crime and unlawful possession of a firearm by a felon. (Doc. 6-2 at 2). He is housed in Schuylkill Federal Correctional Institution ("FCI-Schuylkill"). His projected release date is August 5, 2026, via application of good conduct time. (Id.)

Lewis filed the instant case on September 3, 2024. (Doc. 1). He seeks a writ of habeas corpus compelling the BOP to: (1) apply time credits towards his sentence under the FSA; (2) transfer him to prerelease custody under the SCA; and (3) place him in RDAP programming. (Id.) The case was initially assigned to United States District Judge Christopher C. Conner. Respondent responded to the petition on October 29, 2024, arguing that Lewis failed to exhaust administrative remedies prior to filing the petition, that he is not entitled to FSA credits or transfer to prerelease custody under the SCA, and that his request for placement in the RDAP is moot because he has already been placed in the RDAP. (Doc. 6). Lewis filed a reply brief on November 19, 2024, followed by a "motion for FSA SCA and RDAP under 28 U.S.C. § 2241," wherein he provides supplemental arguments in support of his petition. (Docs. 7-8). The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement.

**II.   Discussion**

Lewis's petition seeks time credits under the FSA, which allows eligible inmates who successfully complete "evidence-based recidivism reduction programs" ("EBRRs") or productive activities ("PAs") to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id.

2

Inmates who have been convicted of certain enumerated offense are ineligible to receive credits under the FSA. See 18 U.S.C. § 3632(d)(4)(D). Among other offenses, if a petitioner has been convicted of "unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime" in violation of 18 U.S.C. § 924(c), he is ineligible to receive time credits under the FSA. 18 U.S.C. § 3632(d)(4)(D)(xxii). Lewis's petition will accordingly be denied to the extent it seeks application of FSA credits towards his sentence because he has been convicted of possession of a firearm in furtherance of a drug trafficking crime in violation of Section 924(c) and is therefore ineligible for FSA credits.[1]

Turning to Lewis's claim seeking transfer to prerelease custody under the SCA, Transfer of BOP prisoners to prerelease custody is governed by 18 U.S.C. § 3624 and 18 U.S.C. § 3621. Section 3624 states, in relevant part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The decision whether to transfer an inmate to prerelease custody, however, is left to the discretion of the BOP. 18 U.S.C. § 3624(c)(4). When exercising this discretion, the BOP must conduct an individualized assessment of

---

[1] Lewis concedes in his reply brief that he is ineligible for FSA credits based on his Section 924(c) conviction. (See Doc. 7 at 3).

3

whether an inmate should be transferred to prerelease custody based on the following factors:

> **(1)** the resources of the facility contemplated;
> **(2)** the nature and circumstances of the offense;
> **(3)** the history and characteristics of the prisoner;
> **(4)** any statement by the court that imposed the sentence--
>   **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>   **(B)** recommending a type of penal or correctional facility as appropriate; and
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Id. § 3621(b); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 247 (3d Cir. 2005).

Here, respondent states that as of the time of Lewis's petition and respondent's response, he had not yet been assessed for transfer to prerelease custody because his anticipated release date is not until August 5, 2026, and he is not eligible for transfer to prerelease custody under Section 3624 until 12 months before that date. (Doc. 5 at 20). Respondent represents that he will be assessed for prerelease custody prior to becoming eligible for prerelease custody. (Id.) Respondent has produced a declaration from an attorney employed by the BOP to support the contention that Lewis will be assessed for prerelease custody in a timely fashion prior to his eligibility, and Lewis has not produced any evidence to refute this evidence. Thus, it appears from the record before the court that there is no ripe case or controversy with respect to whether Lewis is entitled to be transferred to prerelease custody because the BOP has not yet assessed him for such a transfer, and he is not yet eligible for the transfer. This portion of the petition will be dismissed without prejudice.

Finally, with respect to Lewis's request for placement in RDAP programming, respondent has produced evidence showing that Lewis was placed in RDAP programming on September 9, 2024. (See Doc. 6-2, Doc. 6-7). Lewis has not produced any evidence to refute this fact, nor does he dispute the fact in his reply brief or supplemental motion. (See Docs. 7-8). Hence, even assuming Lewis's request for placement in RDAP programming is a cognizable habeas corpus claim, compare, e.g., Beckley v. Miner, 125 F. App'x 385, 388 (3d Cir. 2005) (concluding that claim challenging BOP's refusal to place inmate in RDAP programming is not cognizable habeas corpus claim), with, e.g., Dababneh v. Warden Loretto FCI, 792 F. App'x 149, 151 (3d Cir. 2019) (concluding that such a claim is cognizable), the claim will be dismissed without prejudice as moot because Lewis has already been granted the relief he seeks.[2]

### III.   Conclusion

The petition for writ of habeas corpus is denied to the extent it seeks FSA time credits and dismissed without prejudice in all other respects. Lewis's supplemental motion is denied. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   April 14, 2025

---

[2] Having concluded that habeas corpus relief is not warranted based on respondent's other arguments, the court does not address respondent's argument that Lewis failed to exhaust administrative remedies.